**Cheese Shop International, Inc., v. Harris**

*Peter A. Dunn*, for plaintiff.
*Spencer A. Manthorpe*, for defendants.

TOAL, *J.*, October 17, 1974—Plaintiff in this case is a Connecticut corporation engaged in the granting of franchises for the operation of retail establishments for the sale of cheeses and related products.

On April 1, 1971, at plaintiff's home office in Greenwich, Connecticut, plaintiff and individual defendants entered into a preliminary agreement and shortly thereafter a license agreement for the operation of a franchise cheese store to be called "The Cheese Shop" to be located at the Old Sproul Shopping Village, Springfield, Delaware County, Pa. On May 16, 1972, again at Greenwich, Connecticut, plaintiff and individual defendants entered into a license agreement for the operation of a second cheese store franchise to be located in Exton Mall, Exton, Chester County, Pa.

Plaintiff filed a suit in equity against defendants alleging that defendants failed to perform certain of their obligations under agreements with plaintiff. Plaintiff requested franchise fees and other relief. Defendants then filed preliminary objections to plaintiff's complaint raising the defense of lack of capacity to sue, contending that plaintiff failed to allege in its complaint that it had obtained a certificate of authority to do business as a foreign corporation in Pennsylvania.

The sole issue to be decided is whether plaintiff corporation is "transacting business" in the Commonwealth of Pennsylvania requiring it to secure a "Certificate of Authority" before it is permitted to sue in the courts of the Commonwealth.

It is agreed by plaintiff that it is a foreign corporation with its offices located in Connecticut and that it has not applied for nor obtained a certificate of

authority as defined by section 1014 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, art. X, sec. 1014, as amended, 15 PS §2014.

However, a foreign corporation is not prevented from suing on a contract where it does not "transact business" within the State as defined by the act: Family Budget Plan, Inc. v. Ede, 9 D. & C. 2d 724 (1955).

The question therefore is whether plaintiff is "transacting business" as defined by the Pennsylvania statutes.

The Business Corporation Law, supra, states as follows:

"No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority. Nor, except as provided in subsection B of this section, shall any action be maintained in any court of this Commonwealth by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this Commonwealth until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

"The failure of a foreign business corporation to obtain a certificate of authority to transact business in this Commonwealth shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action in any court of this Commonwealth."

The definition of "transacting business" is found in section 1001 of the act, as amended, 15 PS §2001, as follows:

"B. Without excluding other activities which

may not constitute doing business in this Commonwealth, a foreign business corporation shall not be considered to be doing business in this Commonwealth for the purposes of this section and of sections 1012 and 1014 of this act, but not necessarily for the purposes of taxation or of section 1011 of this act concerning service of process, by reason of carrying on in this Commonwealth any one or more of the following activities:

"(1) Maintaining or defending any action or suit or any administrative or arbitration proceeding or effecting the settlement thereof or the settlement of claims or disputes;

"(2) Holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs;

"(3) Maintaining bank accounts;

"(4) Maintaining offices or agencies for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositories with relation to its securities;

"(5) Effecting sales through independent contractors;

"(6) Soliciting or procuring orders, whether by mail or through employes or agents or otherwise, and maintaining offices therefor, where such orders require acceptance without this Commonwealth before becoming binding contracts;

"(7) Creating as borrower or lender evidences of debt, mortgages and rights in real or security interests in personal property;

"(8) Collecting debts and enforcing mortgages and rights in property securing the same;

"(9) Transacting any business in interstate commerce;

"(10) Conducting an isolated transaction completed within a period of thirty days and not in the

course of a number of repeated transactions of like nature;

"(11) Inspecting, appraising and acquiring real estate and mortgages and other liens thereon and personal property and security interests therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise."

The pleadings disclose that plaintiff is in the business of selling franchises and that it sold two franchises to the individual defendants. Plaintiff also sends one of its experts into Pennsylvania for six days to assist in opening each franchise shop. Plaintiff loans money for inventory, and otherwise finances its franchises and leases real estate, which leases are assigned to its franchisees. In addition, the stock to be sold by the franchisees is purchased from or financed through plaintiff.

We are of course bound by plaintiff's complaint and the documents attached thereto in deciding these preliminary objections.

We find that plaintiff is not "transacting business" as defined by the Pennsylvania Business Corporation Law, and is, therefore, not required to have a certificate of authority to do business as a foreign corporation in Pennsylvania.

The pleadings disclose that plaintiff sold franchises to defendants, which contracts were consummated in the State of Connecticut. The "franchise" is an agreement between the parties that the franchisee will have the exclusive right to sell merchandise and goods bearing certain brand names and trademarks in a specific area. We do not believe that this is "transacting business" in Pennsylvania.

Plaintiff's experts come into Pennsylvania for a six-day period to assist the franchisees and we conclude that under subsection 10 of the act, 15 PS

§2001, as cited, this does not constitute "transacting business."

Nor does the fact that plaintiff loans money and finances its franchises constitute "transacting business" under subsection 7 of the act. The fact that plaintiff leases real estate is also excluded under the act by subsection 11.

We find that the selling of two franchises to defendants and that certain stock is purchased from or financed through plaintiff does not constitute "transacting business" under subsection 9 of the act, which excludes transacting any business in interstate commerce.

For all of the above reasons, we enter the following

### ORDER

And now, October 17, 1974, after consideration of the pleadings and briefs of counsel and argument it is ordered and decreed that defendants' preliminary objections to plaintiff's complaint in equity be and the same are hereby dismissed. Defendants are granted 30 days to file responsive pleadings to plaintiff's complaint if so desired.